### EFFECT OF DENIAL FOR WANT OF KNOWLEDGE.

Circuit Court of Cuyahoga County.

HAROLD D. DENNIS v. ALBERT R. LANDRETH, JR., ET AL.[*]

Decided, May 29, 1905.

*Evidence—As to Acceptance of Option for Cancellation of Lease—Pleading—Averment of Filing of a Certificate of Partnership—Denial for Want of Knowledge.*

A denial in the answer of the defendant "for want of knowledge" is insufficient, where referring to a public record, to put the plaintiff upon his proof.

*C. F. Morgan,* for plaintiff in error.

HENRY, J.; MARVIN, J., and WINCH, J., concur.
Error to the court of common pleas.

---

[*] Affirmed without opinion, *Dennis v. Landreth,* 74 Ohio State, 450.

This cause is here on error, the parties being reversed. The defendants in error were partners doing business as the Mason Supply & Seed Company. As such they leased from plaintiff in error the premises where they did business. At the request of plaintiff in error, they gave him a written option for the cancellation of the lease on payment of $700, and said option was subsequently, in writing, accepted, but the $700 was never paid, and the action below was begun to recover the same. The plaintiff in error claims, however, that on the afternoon of the day he accepted the option, he went to his tenant's office and there with their acquiescence and consent revoked his acceptance by tearing his signature from the said writing. The sole issue of fact was whether defendants in error acquiesced and consented. The jury found they did not, and we think the evidence justifies the verdict. It is said that the charge was erroneous, but having read it carefully, we think otherwise.

Another claim of error is founded upon the failure of plaintiffs below to offer any evidence in support of the averment in their petition that they had duly filed their certificate of partnership as required by law. The answer's only denial of this averment is upon the ground of alleged "want of knowledge," and we think that such denial of a public record is insufficient to put the opposite party upon his proof thereof. The judgment below is affirmed.